UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ISSAK ASEFAW HAGOS, et al.,

                  Petitioner,

    v.

TODD BLANCHE, et al.,

                  Respondents.

Case No. 2:26-cv-01513-TLF

ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS IN PART

Petitioner Issak Asefaw Hagos, a citizen of Eritrea and lawful resident of Germany, is currently detained by the U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 6 at 3, 5; Dkt. 10 at 1-2 (Deportation Officer ("DO") Declaration). In May 2025, respondents re-detained petitioner. Dkt. 6 at 3, 6; Dkt. 10 at 3; Dkt. 11-3 (I-213 Form). On September 25, 2025, an Immigration Judge ("IJ") ordered petitioner removed to Germany, or alternatively Eritrea. Dkt. 6 at 6; Dkt. 10 at 3; Dkt. 11-4 (IJ Order).

Mr. Hagos filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and primarily argues he is entitled to release as his removal is no longer reasonably foreseeable under *Zadvydas v. Davis*, 533 U.S. 678 (2001). *E.g.*, Dkt. 6 at 3, 26. He

ORDER GRANTING PETITION FOR A WRIT OF
HABEAS CORPUS IN PART - 1

also requests the Court enjoin his re-detention absent a pre-deprivation hearing and other procedures. Dkt. 6 at 27.

He also urges the Court to prohibit respondents from removing him to a third country without notice and an opportunity to respond, and prohibit removal to any third country where he is likely to face imprisonment or other punishment. Dkt. 6 at 27.

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 4. For the reasons below, the Court **GRANTS** the habeas petition **IN PART** and orders respondents to release petitioner within **24 hours** of the filing of this Order.

## I.      BACKGROUND

Petitioner is a citizen of Eritrea, and a lawful resident of Germany. Dkt. 6 at 5; Dkt. 10 at 2. In April 2022, petitioner entered the United States and was detained. Dkt. 10 at 2; Dkt. 11-1 (I-213 Form). Petitioner was then released on parole. Dkt. 10 at 2.

In July 2023, petitioner was convicted of numerous offenses, including assault in the fourth degree, reckless driving, and driving with a suspended license in the third degree. Dkt. 10 at 2-3; Dkt. 11-3 at 3. In April 2025, petitioner was arrested for driving under the influence, and the case remains pending. Dkt. 10 at 3; Dkt. 11-3 at 3. Petitioner does not substantively dispute the above criminal history. *See* Dkt. 6 at 25.

In May 2025, respondents re-detained petitioner after he attempted to enter Canada. Dkt. 6 at 6; Dkt. 10 at 3; Dkt. 11-3 at 3.

On September 25, 2025, an IJ ordered petitioner "removed from the United States to Germany in the alternative; Eritrea." Dkt. 11-4 at 1. Both petitioner and respondents waived appeal, rendering the IJ's order administratively final. Dkt. 10 at 3.

ORDER GRANTING PETITION FOR A WRIT OF
HABEAS CORPUS IN PART - 2

Petitioner alleges the German consulate "told him and Respondents that it would take a year or longer for Germany to make a decision" as his "travel documents had expired" at the time of the interview. Dkt. 6 at 6. Petitioner also asserts "[r]espondents have not submitted a travel document application to Eritrea." Dkt. 6 at 6.

Respondents state that petitioner's "year or longer" assessment does not have supporting evidence. Dkt. 9 at 6. Otherwise, respondents state they "anticipate[] that he will be removed to Germany" as "DHS is currently making arrangements to pay the processing fee" following a "funding lapse." Dkt. 9 at 4, 6. Further, "DHS is actively seeking Petitioner's removal to Germany prior to attempting removal to Eritrea." Dkt. 9 at 7.

The declaration of Deportation Officer Yralees Melendez states: "On or about December 1, 2025, [the Office of Enforcement and Removal Operations ('ERO')] sent Petitioner's application for travel documents to the German embassy." Dkt. 10 at 3. "On or about March 19, 2026, ERO escorted Petitioner to a consular interview at the German Consulate in San Francisco, California." Dkt. 10 at 3. "Due to lapses in Congressional funding, [the Department of Homeland Security ('DHS')] was unable to pay for German travel document processing until recently." Dkt. 10 at 3. "ERO is working with the German Consulate to remit the required funds." Dkt. 10 at 3.

## II.   DISCUSSION

### A. *Zadvydas*

"[W]hen [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days" also known as "the 'removal period.'" 8 U.S.C. § 1231(a)(1)(A). The removal period begins, among other

ORDER GRANTING PETITION FOR A WRIT OF
HABEAS CORPUS IN PART - 3

options, on the "date the order of removal becomes administratively final." 8 U.S.C. § 1231(a)(1)(B)(i).

While a "special statute authorizes further detention if the Government fails to remove the alien during those 90 days," allowing the "indefinite detention" of noncitizens "would raise serious constitutional concerns." *Zadvydas* 533 U.S. at 682 (citing 8 U.S.C. § 1231(a)(6)). "[T]o avoid a serious constitutional threat," the Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The Supreme Court held six-months was a "presumptively reasonable period of detention." *Id.* at 701.

*Zadvydas* establishes a two-step process. First, petitioner "bear[s] the initial burden of providing 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" *Trinh v. Homan*, 466 F. Supp. 3d 1077, 1082 (C.D. Cal. 2020) (quoting *Zadvydas*, 533 U.S. at 701). Second, "[o]nce that initial showing is made, the burden shifts to the Government to respond with evidence sufficient to rebut it." *Id.* (citing *Zadvydas*, 533 U.S. at 701).

The parties agree petitioner is outside of the six-month presumptively reasonable period of detention contemplated by *Zadvydas*, 533 U.S. at 701. Dkt. 6 at 22; Dkt. 9 at 6.

For the first *Zadvydas* step, the Court finds petitioner met his burden. Petitioner met his burden by demonstrating a "lack of evidence that respondents are actually removing petitioner . . ." *Baltodano v. Bondi*, 815 F. Supp. 3d 1191, 1198 (W.D. Wash. 2025); *see also Lapshin v. Bondi*, No. C25-2245-KKE, 2026 WL 71407, at *3 (W.D. Wash. Jan. 9, 2026) ("Through his petition and reply, Lapshin has provided evidence

ORDER GRANTING PETITION FOR A WRIT OF
HABEAS CORPUS IN PART - 4

showing that ICE has made no progress towards obtaining his travel document in over eight months . . .").

For the second *Zadvydas* step, the Court finds the government failed to provide a sufficient rebuttal. Respondents' expressed intent to submit a travel document is insufficient. *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. Jul. 16, 2025) (noting, albeit in the context of a motion for a temporary restraining order, that "that Respondents intend to complete a travel document request for Petitioner does not make it significantly likely he will be removed in the foreseeable future"). This is because a request, on its own, provides no indication of Germany's willingness to accept petitioner or the anticipated timeline for removal. *See Van Huynh v. Bondi*, No. C25-2093-KKE, 2025 WL 3534210, at *3 (W.D. Wash. Dec. 10, 2025) (noting that even if the government made a request to Vietnam, they "provided no timeline . . . nor any information about the likelihood that the government of Vietnam will ultimately approve the issuance of travel documents for Petitioner.").

While respondents contest petitioner's assertion Germany estimated it would take a "year or longer" to remove him, respondents do not provide a specific timeline or estimate for removal. Dkts. 9, 10. Rather, respondents' DO declaration states they are "working with the German Consulate" (Dkt. 10 at 3) and respondents' brief states they "anticipates that he will be removed to Germany." Dkt. 9 at 6. This Court has rejected similar generalized statements regarding removal. *See*, *e.g.*, *Saadhom v. Bondi*, --- F. Supp. 3d ----, 2026 WL 698786, at *5 (W.D. Wash. 2026) (rejecting assertions that the government "submitted travel document requests to Canada, Panama, and Costa Rica" as "they are silent as to whether they have heard back from those countries" and can

ORDER GRANTING PETITION FOR A WRIT OF
HABEAS CORPUS IN PART - 5

offer no timeline or "specific date of anticipated removal."); *see also Kamyab v. Bondi*, No. C25-389RSL, 2025 WL 2917522, at *4 (W.D. Wash. Oct. 14, 2025) (rejecting "generalized statements" such as that "in general 'Iran is accepting return of its citizens'" but is "'reviewing its backlog of cases and would be reaching out with interview requests'").

It is also undisputed respondents are not pursuing removal to Eritrea while efforts are made to remove petitioner to Germany. Dkt. 9 at 7.

Release is warranted under *Zadvydas* even when a petitioner has a criminal history. *Baltodano v. Bondi*, 815 F. Supp. 3d 1191, 1199 (W.D. Wash. Dec. 4, 2025) (quoting *Zadvydas*, 533 U.S. at 684) (explaining that while the "Court does not take lightly respondents' warning that petitioner is still 'a danger to the community' . . . the Court is bound by the holding in *Zadvydas*, a case that notably involved [an] individual with 'a long criminal record' and 'a history of flight.'"); *see also Hamedani v. Bondi*, No. 2:25-cv-02509-JNW, 2026 WL 452424, at *3-4 (W.D. Wash. Feb. 18, 2026) (noting that despite the petitioner's "criminal history . . . [h]e must be released" under *Zadvydas*).

Thus, the Court finds petitioner is entitled to release under *Zadvydas*.[1]

**B. Third Country Removal**

Petitioner also asks the Court to order respondents "may not remove or seek to remove Petitioner to a third country without notice and meaningful opportunity to respond in compliance with the statute and due process in reopened removal proceedings." Dkt. 6 at 27.

---

[1] To the extent respondents argue petitioner's apparent attempt to enter Canada weighs against his release, this Court adopts the reasoning of *Singh v. Bondi*, No. 2:26-cv-00962-TLF, 2026 WL 1213619, at *2, *4 (W.D. Wash. May 4, 2026).

ORDER GRANTING PETITION FOR A WRIT OF
HABEAS CORPUS IN PART - 6

The Court agrees with the reasoning of the Court in *Elshourbagy*. "A plaintiff or petitioner 'seeking a permanent injunction must demonstrate (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.'" *Elshourbagy v. Bondi,* 817 F. Supp. 3d 1102, 1115 (W.D. Wash. 2025) (quoting *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

For the first requirement, "'[i]t is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury.'" *Id.* (quotation marks omitted) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)).

For the second requirement, "[w]ere Petitioner to be 'removed from the United States to the custody of a foreign sovereign' . . . the legal remedies by which Petitioner might redress this harm would be substantially diminished, if not extinguished entirely." *Id.* at 1115-16 (quoting *A.A.R.P. v. Trump*, 605 U.S. 91, 93 (2025)). The Court noted respondents' policies (such as the July 9, 2025 ICE Memorandum), "fall far short of what court[s] in this District and Circuit have held that due process requires." *Id.* at 1115.

For the third and fourth requirements, "the balance of equities tips steeply in [petitioner's] favor, because his interest in avoiding the unlawful deprivation of his liberty outweighs the minimal burden on Respondents" and "'it is always in the public interest to prevent the violation of a party's constitutional rights.'" *Id.* at 1116 (quoting *Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 731 (9th Cir. 2022)).

ORDER GRANTING PETITION FOR A WRIT OF
HABEAS CORPUS IN PART - 7

Under these circumstances, the Court finds injunctive relief is appropriate regarding third country removal. Respondents shall not remove or seek to remove petitioner to a third country without notice and a meaningful opportunity to respond in conformity with due process.

**C. Punitive Policy Claim**

Petitioner argues respondents "have developed and implemented a policy and practice of removing individuals to third countries" contrary to pre-existing procedures, and that "[p]unishment and deterrence appear to be the point" of said policy. Dkt. 6 at 17. Stated otherwise, petitioner argues respondents' "third-country removal program is punitive in both its nature and its execution."

In so arguing, petitioner references various news articles, such as New York Times articles (Dkt. 6 at 17, 19-20), and a Congressional Research Service article attached to his petition. Dkt. 6-1. Petitioner also references a July 2025 ICE memorandum and events from other separate immigration proceedings. Dkt. 6 at 17-19.

As for petitioner's specific circumstances, he argues that while he "was convicted and has completed the sentences for his criminal convictions . . . the convictions do not authorize the government to inflict, as a matter of executive policy and discretion, additional punishment on Petitioner." Dkt. 6 at 25. He does not otherwise assert, or offer evidence indicating, respondents have specifically attempted to remove him to a third country.

Petitioner does not present evidence that is "specific to a particular population and particular destination countries" or evidence specific to the facts in the present matter. *See, Arenado-Borges v. Bondi*, No. 2:25-cv-02193-JNW, 2025 WL 3687518, at

ORDER GRANTING PETITION FOR A WRIT OF
HABEAS CORPUS IN PART - 8

*7 (W.D. Wash. Dec. 19, 2025); *see also Saadhom*, 2026 WL 698786, at *7-8.

Therefore, the Court does not have a sufficient basis to decide whether respondent's

third country removal program is unconstitutionally punitive. *See Elshourbagy*, 817 F.

Supp. 3d at 1116-17.

### III.   CONCLUSION

Accordingly, the petition for a writ of habeas corpus (Dkt. 6) is **GRANTED IN PART**[2] and the Court **ORDERS**:

1) Respondents shall release petitioner within **24 hours** of the filing of this Order under reasonable and appropriate conditions of release pursuant to 8 C.F.R. § 241.13(h). *See Singh*, 2026 WL 1213619, at *4.

2) Within **48 hours** of the filing of this Order, respondents shall file a certification with this Court confirming the date and time petitioner was released from custody.

3) Respondents shall NOT remove or seek to remove petitioner to a third country without notice and meaningful opportunity to respond in conformity with due process.

4) Petitioner's request for an order finding respondents' third country removal policy is unconstitutionally punitive is **DENIED** without prejudice.

Dated this 2nd day of July, 2026.

Theresa L. Fricke
United States Magistrate Judge

---

[2] Petitioner also requests additional injunctive relief, including numerous limits on any potential future re-detention. *E.g.* Dkt. 6 at 8 12, 22-23, 27. The Court declines to grant this relief and adopts the reasoning of *Saadhom*, 2026 WL 698786, at *10.

ORDER GRANTING PETITION FOR A WRIT OF
HABEAS CORPUS IN PART - 9